NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-735

JACQUELINE BERNAT

vs.

ADAM P. HERTNARSKI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Appellant Bernat (wife) appeals from a judgment of the Probate and Family Court denying her complaint for modification seeking alimony from her former husband, appellee Hertnarski (husband).  The facts and the content of the judge's decision in the trial court are well known to the parties and will not be repeated here except as necessary.

The parties divorced after nearly twenty years of marriage in 2015, dividing substantial marital assets.  Their separation agreement, which was incorporated and merged with the judgment of divorce, states that no provision for alimony will be made, but that neither party waives claims for future alimony.

In 2019, the wife filed the complaint for modification at issue here, seeking alimony retroactive to February 1, 2017. The husband, who had been unemployed at the time of the divorce, commenced new employment on that date. During the pendency of the complaint, on November 10, 2020, the husband's new employer fired the husband for cause for having recorded a Zoom video call with a coworker. From the commencement of his employment through the date of his firing, the husband's earned W-2 income from the new employer was over $5.5 million. Although the wife sought to attribute income to the husband for the time subsequent to his firing, she does not seek reversal as to that aspect of the judge's order, so that this time period, and that amount, are all that are at issue here.

The judge ruled that

"In the present matter, the alleged change in circumstance by Wife is that Husband began working for [the new employer] in 2017. Husband, however, has since been terminated from his position with [that employer] and the parties are in the same positions they were in when they were divorced -- both unemployed with assets from the marital estate. . . .

"The Court does not find a material change of circumstances has occurred since the parties' divorce."

The judge then went on to conclude that "alimony would not be appropriate even if there was a material change in circumstances." The judge concluded that "both parties have had a diminished lifestyle following their divorce. Each party has

2

had to significantly cut back on his or her weekly expenses and approach his or her spending with foresight on how it would affect the remaining assets."  The judge noted that each party had made sacrifices in order to decrease their spending, but "[the wife] has grown dissatisfied by it.  She desires to re-immerse herself in the lavish lifestyle of frequent travel, purchasing art and expensive wine, and to own several properties in excess of four thousand square feet."

The judge also noted that the wife had increased her spending after learning that the husband had begun his new job and had purchased real estate on Cape Cod by taking a second variable interest rate loan.  He also noted that she has purchased a co-op apartment in New York City for her son, which has been vacant since 2019.[1]

The judge found that, "[i]n light of her own substantial assets, . . . the Wife does not have a present need for alimony."  He also concluded that because assets divided in the judgment could not form the basis of alimony, "the former Husband does not have the ability to pay.  The Court specifically also finds that the wife has the ability to meet her current needs based upon her own assets."

---

[1] The judge also discussed the impropriety of attributing income to the husband for the period following his termination, something not at issue here, see supra at 2.

3

Although we recognize that, as litigated in the trial court, the case focused a great deal on alimony going forward into the future despite the husband losing the new job, we conclude that the judge erred in finding no material change of circumstances.  To be sure, at the time of trial, both parties were unemployed.  But, during the period of his employment after the divorce, the husband had substantial earned income.  The husband obtaining the employment that generated that income was a material change in circumstances.

As to his ability to pay, at least during the years 2017 to 2020, and without reference to income from marital assets, the husband had an ability to pay at least some amount of alimony.

This leaves before us the question of the wife's need.  As to the wife's need, as the judge noted, it is defined under our law, "in terms of the marital lifestyle the parties enjoyed during the marriage, as established by the judge at the time of the order being issued."  Young v. Young, 478 Mass. 1, 7 (2017).  The judge's finding that, given the divorce, neither party could sustain the lifestyle they enjoyed during the marriage thus necessarily means that the wife had need for alimony within the meaning of the case law.

Of course, where, as the judge found here,

"the couple's collective income is inadequate to allow both spouses to maintain the lifestyle they enjoyed during the marriage after their household is divided in two through

4

> divorce, the recipient spouse does not have an absolute right to live a lifestyle to which he or she has been accustomed in a marriage to the detriment of the provider spouse"

(quotations and citations omitted). Id. Rather, "[t]he judge must consider all the statutory factors and reach a fair balance of sacrifice between the former spouses when financial resources are inadequate to maintain the marital standard of living." Pierce v. Pierce, 455 Mass. 286, 296 (2009). "The Act presumptively provides that the 'fair balance of sacrifice' means that the supporting spouse generally should not be required to pay more than thirty-five per cent of the difference between the parties' gross incomes." Young, supra, citing G. L. c. 208, § 53 (b).

Because there was a material change in circumstances, the wife had need, the husband the ability to pay, and in no event were the parties going to be able to afford to maintain the marital standard of living, that is the assessment that the judge should have undertaken here.[2]

Finally, the wife asserts that her motion for counsel fees, sanctions, and costs, filed in November 2022, was implicitly denied by the court. Accepting that characterization, we see no abuse of discretion or other error of law in that denial.

---

[2] The husband's request for appellate attorney's fees is denied.

We therefore vacate the judgment and remand the case to the Probate and Family Court for review of the complaint for modification with respect to the period that the husband was working in the new job under that standard.  We express no opinion on the proper outcome of that proceeding or on any other legal questions that will have to be addressed in order to properly rule on the complaint for modification, including whether any alimony should run from the date of the complaint for modification or be retroactive to the date of the husband's employment.

Conclusion.  The judgment dated April 2, 2024, is vacated, and the case is remanded for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Rubin, Neyman & Tan, JJ.[3]),

Clerk

Entered:  August 20, 2025.

---

[3] The panelists are listed in order of seniority.